time from his computation of Mr. Hon's years as a coal miner.

Mr. Hon's second argument is that the ALJ failed to give proper consideration to the reports of Mr. Hon's doctors that Mr. Hon was totally disabled from pneumoconiosis. The ALJ noted that significant portions of the medical reports of the two doctors contained the same wording, and that the "implication" he drew from these "verbatim portions" was that the evaluations were not "totally independent." The ALJ thus did not credit these reports, especially in view of other medical reports which did not support a finding of pulmonary disease or impairment. While we might have given somewhat more credit to the reports of Mr. Hon's doctors than did the ALJ, we must agree with the BRB that there was substantial evidence supporting the ALJ's finding that Mr. Hon was not totally disabled from pneumoconiosis, and that the ALJ did not commit reversible error in evaluating that evidence.

The motion to dismiss the appeal is overruled and the decision of the Board is affirmed.

Daniel M. Scott, Federal Public Defender, Minneapolis, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Thomas B. Heffelfinger, Asst. U.S. Atty., D.Minn., Minneapolis, Minn., Paul R. Scoggin, Legal Intern, for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

**UNITED STATES of America, Appellee,**

v.

**Jackie Lynn BIBLE–WILSON, Appellant.**

No. 82–1989.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1983.

Decided Feb. 16, 1983.

Appellant Jackie Lynn Bible-Wilson was convicted by a jury in the United States District Court for the District of Minnesota [1] of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). In this appeal, appellant challenges the sufficiency of the evidence to support the jury's verdict. We affirm.

On January 19, 1982, a lone female entered the First National Bank of Minneapolis-Plymouth, and approached teller Arleathia Brown. She produced a "stickup" note and a gun and said that she wanted all the money. Brown gave her approximately $6,350, which she put in her purse. The woman then turned and left the bank. The

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, presiding.

robbery was recorded on videotape and lasted less than a minute.

Appellant contends that because the government's case rested entirely upon the contradictory testimony of two government informants, the jury was not presented with credible evidence tending to show that appellant was the person who committed the robbery. This contention ignores the testimony of the teller, Arleathia Brown, who identified appellant in court as the robber. The jury also viewed the bank surveillance videotape of the robbery.

In reviewing the sufficiency of the evidence in a jury trial, the court must view the evidence in the light most favorable to the verdict and must accept all reasonable inferences from the evidence that tend to support the verdict. *United States v. Taylor,* 599 F.2d 832, 838 (8th Cir.1979). After reviewing the record in the instant case, we conclude that substantial evidence exists to support the conviction.

Accordingly, we affirm.

**CONSOLIDATION COAL COMPANY and State of North Dakota, Petitioners,**

v.

**Vivian E. SMITH and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 82–1424.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1983.

Decided Feb. 16, 1983.

T. Timothy Ryan, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Asst. Counsel for Black Lung Benefits, Melissa Page Marshall, Atty., U.S.