**UNITED STATES of America, Appellee,**

v.

**Andrew J. SALES, Appellant.**

**No. 83–1524.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 30, 1983.

Decided Feb. 7, 1984.

Rehearing Denied Feb. 7, 1984.

John M. Putzel, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Kathianne Knaup Crane, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

LAY, Chief Judge.

Andrew J. Sales was convicted by a jury on ten counts of receiving and retaining stolen United States postal orders in violation of 18 U.S.C. § 641 (1982). The district court sentenced Sales to consecutive terms of imprisonment on the ten counts for a total of 55 years. On appeal from the judgment of conviction, Sales asserts, *inter alia,* that the consecutive sentences he received were invalid because he should have been convicted, if at all, for only one violation of 18 U.S.C. § 641.

The evidence presented at trial indicated that on or about the 24th of May, 1982, approximately 65 money orders were discovered as missing from the post office in Sikeston, Missouri. The government did not prove how or by whom the money orders were stolen. Several bank employees and one grocery store worker testified to cashing, at different times, a total of ten of the money orders; three of the employees identified Sales as the person who negotiated the orders. Additionally, the assistant director of the United States Postal Inspection Service Crime Lab conducted an examination of the money orders and testified that he found Sales's fingerprints on all but one of the orders.

■ On appeal, Sales contends that the court's imposition of consecutive sentences was error because, assuming Sales's receipt of the money orders, only one crime was committed. The government argues that because each order was separately negotiated, Sales's *retention* of each money order is itself a violation of 18 U.S.C. § 641. We do not need to reach this issue because we conclude that the jury's finding of guilt on nine of the ten counts must be vacated because the evidence does not support a finding of separate receipts by Sales.

During the trial the government did not attempt to prove that Sales had stolen the money orders himself. The government concedes: "There was no evidence as to when, how, or where defendant received any of the money orders." Thus, defendant could not be convicted, under the evidence presented, of ten separate counts of *receipt* of the money orders.

The court instructed the jury that a finding that Sales either received *or* retained a given money order would support a finding of guilt on the corresponding count. Thus, it is possible that the jury based some or all of the findings of guilt on a finding that Sales was guilty of the crime of receipt of the stolen money orders. As we have discussed, no evidence was presented at trial that Sales received the money orders in more than one transaction. Therefore, a jury finding of guilt on more than one count, based on Sales's receipt of the orders, is unsupported by the evidence.

■ We reach this result even if we assume the validity of the government's argument that it may prove separate violations by showing retention of each money order. Under the circumstances, we are still unable to determine whether any or all of the counts are grounded on the unsupported finding that Sales received the money orders on separate occasions. We therefore apply the rule that "requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." *Yates v. United States,* 354 U.S. 298, 312, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957); *see Zant v. Stephens,* —— U.S. ——, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983); *Stromberg v. California,* 283 U.S. 359, 367–68, 51 S.Ct. 532, 535, 75 L.Ed. 1117 (1931). Under this rule, Sales's conviction on nine of the ten counts must be set aside.

■ The government presented evidence from witnesses who identified Sales as the person who negotiated several of the money orders. A government expert testified that Sales's fingerprints were found on nine of the ten orders. Viewing the evidence "in the light most favorable to the verdict" and accepting "all reasonable inferences from the evidence that tend to support the verdict," *United States v. Bible-Wilson,* 699 F.2d 445, 446 (8th Cir.1983), we conclude that substantial evidence exists to support one conviction of Sales for the

crime of receipt or retention. We therefore affirm Sales's judgment of conviction of violating one count of 18 U.S.C. § 641 and remand the case to the district court for resentencing on that count.[1]

■ In remanding the case to the district court, we express concern as to the court's apparent motivation for the imposition of defendant's original sentences. At the sentencing hearing, the trial court was openly critical of the defendant for not plea bargaining and for going to trial "for three days with a jury on all ten counts" in light of the substantial evidence against the defendant. Explicitly in response to what the district court viewed as an abuse of the judicial process, the district court sentenced the defendant to one year on count one, two years on count two, three years on count three, and so forth, through count ten, the sentences to run consecutively. The total sentence was 55 years.[2] We find that this method of sentencing and the court's remarks suggest an absence of the proper exercise of judicial discretion in the sentencing process. *Cf. Woosley v. United States,* 478 F.2d 139 (8th Cir.1973).

■ The defendant has a constitutional right to defend himself at his own trial. While no one should abuse this right, or the corresponding rights of others, by causing needless delay or otherwise hindering the judicial process, our first concern is to safeguard a defendant's right to a full and fair trial. A court may not use the sentencing process to punish a defendant, notwithstanding his guilt, for exercising his right to receive a full and fair trial.

The judgment of conviction on nine counts of violating 18 U.S.C. § 641 is vacated; the defendant's judgment of conviction on one count is affirmed and the case is remanded to the district court for resentencing.

---

1. A jury has found the defendant guilty of, at least, one count of the relevant crime; to require his resentencing on that count would not appear to expose the defendant to multiple prosecutions. Under *United States v. Busic,* 639 F.2d 940, 953 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981) "when a defendant has been convicted after trial and sentenced under a multi-count indictment and on appeal his conviction and sentence as to certain counts is set aside . . ., the constitutional guarantee against double jeopardy does not preclude vacating the [invalid] sentence . . . and the imposition of a new sentence by the trial judge on the remaining counts, which may be greater than, less than, or the same as the original sentence"; *accord United States v. Henry,* 680 F.2d 403 (5th Cir. 1982); *United States v. Ocanas,* 628 F.2d 353 (5th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981); *See also United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980).

In the instant case, if the trial court sentences the defendant to more than the one year that he has served under Count I, our discussion here is not intended to preclude any claim of double jeopardy that might be asserted to the trial court on resentencing or to this court if any further appeal is deemed necessary.

2. The maximum sentence a defendant may receive for receipt of the stolen property under Title 18 § 641 is 10 years. The sentence of the district court amounts to 55 years. We note that in 1982 (the most recent year for which data are available) 2,869 defendants were convicted of larceny or theft offenses in district court. Of this total, 1,434 were sentenced to probation. Only 221 were sentenced to terms of 60 months or more. Among those who were incarcerated, the average sentence was 41.8 months. Administrative Office of the United States Courts, *Federal Offenders in United States District Courts* 1982, at H8–H9.