Johnny Ray WOOD *v.* STATE of Arkansas

CR 85-82 · 697 S.W.2d 884

Supreme Court of Arkansas
Opinion delivered October 21, 1985

*Fenton Stanley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel Oliver Huggins*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, then 17 years

old, was convicted of having raped a five-month-old girl. The child's perineal area was so badly lacerated that surgical repairs to the vagina and rectum were necessary. The jury sentenced the appellant to life imprisonment. There is no merit in any of his three arguments for reversal, nor do we find error in any other matter brought to our attention.

■ First, we cannot say from the totality of the circumstances that the accused's statement that was introduced in evidence was not voluntary. The statement was not taken until the second day after the offense was committed. Young Wood had talked to his mother, who told him to "come straight out" and tell what had happened. He was properly advised of his rights and understood them. He testified at the Denno hearing that he understood that a lawyer could be appointed for him, but he didn't know why he would need one. He also testified that he had not understood that he was making a confession, but the decided weight of the evidence is to the contrary. The confession was properly admitted in evidence.

■ Second, the defendant said in his confession that he penetrated the child with his penis. At the trial, however, for the first time he changed his story and said that he had merely fingered her. In view of that testimony the State was allowed to amend the information to add an alternative allegation that the defendant engaged in deviate sexual activity with the victim. The amendment did not change the nature or degree of the crime; so it was properly made to conform to the proof. *State* v. *Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984). The court correctly instructed the jury that the State had the burden of proving sexual intercourse or deviate sexual activity, both of which were defined.

■■ Third, the court properly refused to submit to the jury the lesser offenses of sexual abuse in the first degree, sexual abuse in the second degree, assault in the first degree, and assault in the second degree. Defense counsel argues this point as if the offenses should have been submitted merely because they are lesser than and includable in rape. The trial judge, however, is not required to submit an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. Ark. Stat. Ann. § 41-105(3) (Repl. 1977). Sexual abuse, as defined by statute, consists

of the mere touching or fondling of certain parts of the victim's body, and an assault does not involve any physical contact at all, that being a battery. See Sections 41-1605, 41-1606, 41-1808, and 41-1809, and the Commentaries to those sections. Here the undisputed testimony, confirmed by a photograph, shows that the victim's entire perineal area was extensively torn by the violence of the rape. In view of that proof there was no rational basis in the evidence for a verdict acquitting the appellant of rape but finding him guilty of any of the enumerated lesser offenses. The requested instructions were rightly refused.

Affirmed.

PURTLE, J., not participating.