**Clifton FRANKLIN, Appellant,**

v.

**Carl WHITE, Appellee.**

**No. 86–1151.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1986.

Decided Oct. 15, 1986.

Rehearing and Rehearing En Banc Denied Dec. 4, 1986.

James F. Shrewsbury, St. Louis, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Clifton Franklin appeals from the denial of his 28 U.S.C. § 2254 habeas corpus petition by the United States District Court for the Eastern District of Missouri.[1] Franklin was indicted on charges of capital murder and first degree robbery in the State of Missouri in connection with a robbery in St. Louis. He was convicted by a jury in the Circuit Court of the City of St. Louis of first degree felony murder and first degree robbery. Franklin was given concurrent sentences of life and twenty-five years imprisonment. All parties agree that he has exhausted his state remedies.

In his habeas petition Franklin contends, among other things, that his fourteenth amendment due process and sixth amendment rights were violated because of the variance between the charge of capital murder and the conviction of first degree felony murder. He claims that capital murder does not include all of the elements of first degree felony murder and that first degree felony murder is therefore not a lesser included offense of capital murder.

It is Franklin's conclusion that the trial court erred in instructing the jury on first degree felony murder, that he was denied due process in that he did not have sufficient notice of the charges against him, and that he could be subjected to double jeopardy in the form of a second murder charge.

■ "[A] person's [sixth amendment] right to reasonable notice of the charge against him ... is incorporated in the Fourteenth Amendment to the United States Constitution and thus cannot be abridged by the states." *Goodloe v. Parratt*, 605 F.2d 1041, 1045 (8th Cir.1979). Fair notice due process claims are cognizable in habeas corpus. *Id.* at 1045 n. 12. Franklin contends that the capital murder indictment did not contain all of the essential elements of first degree felony murder, that the proof at trial varied from the indictment, and that the state in effect modified or amended the indictment by trying him for first degree felony murder. He therefore claims that he did not have reasonable notice of the charges against him and that his sixth amendment and fourteenth amendment due process rights were violated.

■ "If a defendant is actually notified of the charge, due process notice requirements may be met, even if the [indictment] is deficient." *Id.* at 1046. The Missouri Court of Appeals had little difficulty in finding that Franklin had actual notice that he would be tried on a first degree felony murder theory. *Franklin v. State*, 655 S.W.2d 561, 564 (Mo.Ct.App.1983). In support of its finding the court cited the following facts:

Before the trial, movant filed a motion to dismiss the indictment on speedy trial grounds; the motion averred that he was awaiting trial on *murder first degree.* At trial, both the prosecutor and movant's attorney proceeded as if movant were charged with the offense of murder first degree. The jury was given instructions for first degree murder, second de-

---

1. The Honorable Clyde S. Cahill, United States District Judge, Eastern District of Missouri.

gree murder, and manslaughter on Count I. No instruction for capital murder was requested or submitted. Finally, at the post conviction relief evidentiary hearing, movant testified he told his trial attorney when they first met that he understood that a warrant charging him with *first degree murder* and robbery had been issued.

*Id.* (footnote omitted) (emphasis in original). In a Review and Recommendation adopted by the district court, the United States Magistrate[2] took note of these facts and also had little difficulty in finding that Franklin had actual notice of the first degree felony murder charge.

We addressed a very similar situation in *Williams v. Nix,* 751 F.2d 956, 961 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985), stating:

We agree with the District Court that there was no prejudice because the felony-murder theory did not come as a surprise.... The omission of any express mention of felony murder from the indictment ... did not affect any of Williams's substantial rights. His lawyers prepared a defense for both kinds of murder, and they vigorously resisted both theories at trial. The procedure was fair as a practical matter and not a violation of due process. In federal courts such a de facto amendment of an indictment might raise serious problems, but the Supreme Court has held that the Fourteenth Amendment does not require the states to use grand-jury indictments at all, even to prosecute serious crimes.

*Id.* We therefore agree with the fair notice finding of the magistrate.

█ The fifth amendment right to be indicted by a grand jury has not been applied to the states through the fourteenth amendment due process clause, and the "[s]ufficiency of an indictment or information is primarily a question of state law...." *Goodloe,* 605 F.2d at 1045 n. 12. A brief review of Missouri law is therefore useful to our decision.

In *State v. Goddard,* 649 S.W.2d 882, 887–88 (Mo.) (en banc), *cert. denied,* 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983), the confused history of Missouri's murder statutes is traced. Prior to 1975, Missouri's first degree murder statute included both premeditated murder (known as conventional murder) and felony murder. It was well settled under Missouri law that an indictment for one of the two types of first degree murder was sufficient to support a conviction for either type. In 1975 Missouri split the two types of first degree murder. Under the new statutory scheme, conventional murder became capital murder and felony murder remained first degree murder.

In 1977 Missouri enacted a new criminal code with an effective date of January 1, 1979. The new code generally did not change the murder statutes, but it did change some of the procedural provisions which applied to them. Relying on two pre–1979 procedural provisions which seemed to indicate that first degree felony murder was a lesser included offense of capital murder, the Missouri. Supreme Court held that it was error for a trial court not to instruct on first degree felony murder under a charge of capital murder, *State v. Gardner,* 618 S.W.2d 40, 41 (Mo. 1981), and conversely that it was not error for a trial court to instruct on first degree felony murder under a charge of capital murder, *State v. Daugherty,* 631 S.W.2d 637, 645 (Mo.1982).

Subsequently, the court ruled in *State v. Baker,* 636 S.W.2d 902, 904–05 (Mo.1982) (en banc), that in light of the 1979 repeal or amendment of these two procedural provisions, instruction on first degree felony murder under a charge of capital murder was not required for trials after January 1, 1979. In *Goddard,* 649 S.W.2d at 889, the court held *Baker* to be prospective in its application, and it reaffirmed its approval of the procedure of instructing on first degree felony murder under a charge of capital murder. The court recognized that a defendant is entitled to notice of the

**2.** The Honorable William S. Bahn, United    States Magistrate, Eastern District of Missouri.

charges against him, but it found the problem to be one of procedure rather than due process, stating that "[in] these circumstances, we do not believe that we are required to reverse defendant's conviction because of a form of submission which had been approved in Missouri for many years and which, at time of trial, was the law." *Id.*

Franklin was tried and convicted in May of 1978. As noted by the magistrate and by the Missouri Court of Appeals in *Franklin,* 655 S.W.2d at 564–65, his indictment for capital murder and conviction for first degree felony murder was perfectly proper under Missouri law as it then existed. We are not nearly as confident as are the Missouri courts that this submission procedure cannot present a due process problem. We have already found, however, that in present circumstances the procedure did not operate to deny Franklin his sixth amendment and fourteenth amendment due process rights. The propriety of Franklin's indictment and conviction has therefore become purely a question of state law, and it would be inappropriate for us to pursue the matter further.

In summary, we agree with the magistrate that Franklin had actual notice that he would be tried on a theory of first degree felony murder. As indicated, we find that his indictment and conviction did not violate his fourteenth amendment due process and sixth amendment rights. We also agree with the determination of the magistrate and the Missouri Court of Appeals that Franklin's indictment and conviction were proper under Missouri law as it then existed. Finally, and without discussion, we agree with the magistrate that Franklin's double jeopardy claim is without merit. Accordingly, the denial of Franklin's habeas corpus petition is affirmed.