Howard Harley HULSTINE, Appellant,

v.

Terry MORRIS, Appellee.

No. 86–2291.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1987.

Decided May 28, 1987.

Rehearing Denied July 14, 1987.

MAGILL, Circuit Judge.

Howard Harley Hulstine appeals the district court's[1] order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hulstine pleaded guilty to first degree murder. For reversal, he argues he was denied effective assistance of counsel and the felony information underlying his guilty plea was defective.[2] We affirm.

## I. BACKGROUND.

Hulstine is currently serving a life sentence at the Missouri Training Center for Men in Moberly, Missouri. He was arrested on April 30, 1976, in connection with a robbery and double homicide in Wayne County, Missouri.

Shortly after Hulstine's arrest, Jasper N. Edmundson was appointed as defense counsel. Edmundson filed his first motion to withdraw from representation on May 20, 1976, on the grounds that he was personally acquainted with one of the victims of the crime allegedly committed by Hulstine, that he had a large number of friends in common with the victim, and that his appointment placed him in an embarrassing and awkward situation. Judge Pruneau of the Wayne County, Missouri Circuit Court denied this motion.

On May 21, 1976, Hulstine was charged by information with the murder of one of the victims, Carl Francher. During the fifteen-month period from his appointment in May 1976 to July 12, 1977, Edmundson met with his client several times, and discussed relevant defenses, trial strategy, witnesses and expected testimony. Edmundson contacted several witnesses, but decided that their appearances would not help Hulstine's case. Edmundson also filed motions to have an autopsy performed on one of the homicide victims and to suppress the confession given by Hulstine to the police shortly after his arrest.

On July 12, 1977, Edmundson filed a second motion to withdraw, which was de-

Christopher Karlen, Clayton, Mo., for appellant.

Jatha B. Sadowski, Jefferson City, Mo., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. Hulstine has raised other claims before this court which we deem unexhausted under 28 U.S.C. §§ 2254(b) and (c). Because Hulstine has agreed to dismiss any such unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), does not bar our consideration of this appeal.

nied by Judge Pruneau. That same day, Hulstine appeared in Missouri Circuit Court with Edmundson for trial. At this time, Hulstine pleaded guilty to an amended felony information filed by the government, which charged him with first degree murder. The trial court accepted Hulstine's guilty plea and sentenced him to life imprisonment.

Four and one-half years later, on January 28, 1982, Hulstine filed a pro se motion in the Wayne County, Missouri Circuit Court to vacate, set aside or correct his sentence. He alleged that he had not received effective assistance of counsel from Edmundson, and that the original and amended felony informations filed against him were defective. On January 29, 1983, Hulstine filed an amended motion. Thereafter, David E. Woods, who had been appointed counsel for Hulstine, filed a second amended motion, alleging a third claim, that the prosecutor had breached its plea bargain by making a recommendation to the sentencing judge. The Missouri Circuit Court denied these motions on October 4, 1984, and Hulstine's subsequent appeal to the Missouri Court of Appeals was unsuccessful.

On January 27, 1986, Hulstine filed his petition for a writ of habeas corpus in the district court, asserting ineffective assistance of counsel and the defective felony information as grounds for review, but not the plea bargain claim. The magistrate [3] recommended dismissal. Adopting the magistrate's opinion, the district court dismissed Hulstine's petition on August 26, 1986. Thereafter, the district court ordered that a certificate of probable cause be issued and granted Hulstine's application to proceed *in forma pauperis*.

## II. DISCUSSION.

### A. Ineffective Assistance of Counsel.

Hulstine asserts that he received ineffective assistance of counsel, thus rendering his plea involuntary. He claims that Edmundson sought to be relieved from the case from the very beginning, and thereafter provided deficient representation. Hulstine argues that Edmundson's advice

that Hulstine plead guilty was not based on an evaluation of his client's case, as Edmundson was unprepared for trial.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that in challenging a guilty plea based on ineffective assistance of counsel, a petitioner must show "prejudice." The Supreme Court thus adopted the two-part standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requiring that the petitioner show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill*, 106 S.Ct. at 368–70.

■ The district court adopted the magistrate's finding that Edmundson's representation was not professionally deficient and did not prejudice Hulstine. We agree. Hulstine stated in the plea proceedings that counsel had discussed his case with him repeatedly, and that Edmundson had "done a fine job" in handling his case. Edmundson sought relief from representation because one of the victims of Hulstine's crime was a bartender who had served Edmundson. This victim was not a social acquaintance, however, and Edmundson testified that this acquaintance did not in any way impede his representation of Hulstine. Furthermore, Hulstine has not demonstrated that he suffered actual prejudice from the alleged deficiencies in Edmundson's representation. The transcript of the plea proceedings indicates that Hulstine was well-informed of his rights and of the consequences of pleading guilty. We therefore hold that Hulstine's claim is without merit.

### B. Defective Felony Information.

Hulstine asserts that the original and amended felony informations filed against him were defective, in violation of his sixth amendment right to be informed of the accusations against him.

■ The sixth amendment right of the accused to reasonable notice of the charges

3. The Honorable William S. Bahn, United States Magistrate for the Eastern District of Missouri.

against him is incorporated in the fourteenth amendment and cannot be abridged by the states. *Franklin v. White*, 803 F.2d 416, 417 (8th Cir.1986) (per curiam). Due process requirements may be satisfied if a defendant receives *actual notice* of the charges against him, even if the indictment or information is deficient. *Id.*

The Missouri Court of Appeals found that Hulstine was advised of and understood the nature of the charges against him and that the punishment upon conviction could be life imprisonment. In an opinion adopted by the district court, the United States magistrate found that the transcript of the plea proceedings supported the state court's finding that Hulstine was fully aware of the charges against him and the range of punishment.

The transcript clearly indicates that Hulstine understood that he faced a possible life sentence for first-degree murder. We therefore hold that Hulstine's claim is without merit.

The district court order is affirmed.