Dickie COKELEY, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.

No. 90–2295.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1991.

Decided Dec. 20, 1991.

Rehearing and Rehearing En Banc Denied Feb. 25, 1992.

---

Daniel R. Carter, Little Rock, Ark., for appellant.

Olan W. Reeves, Little Rock, Ark. (Ron Fields, on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Dickie Cokeley appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Cokeley contends that he was found guilty and sentenced for a crime for which he was not properly charged. We reverse and grant the writ subject to the condition that the State may conduct a new trial within a reasonable period.

## I. BACKGROUND

Cokeley, an inmate of the Arkansas Department of Corrections was convicted of the crime of rape. The events giving rise to this conviction occurred on July 26, 1984 in Miller County, Arkansas. Cokeley fled across the Arkansas–Texas border, but was apprehended by local police in New Boston, Texas, who returned him to the proper authorities in Arkansas. The subsequently filed information charged Cokeley specifically with having "wilfully, unlawfully and feloniously engage[d] in sexual intercourse ... by forcible compulsion" in violation of Ark.Stat.Ann. § 41–1803(1)(a) (Supp.1985) (since codified at Ark.Code Ann. § 5–14–103(a)(1) (1987)). That statute reads:

A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:

(1) By forcible compulsion;....

At trial, the victim testified that Cokeley had forced her to engage in both oral sex and intercourse. Cokeley, testifying on his own behalf, contended that he and the victim did not engage in sexual intercourse. He conceded that he and the victim did engage in oral sex; however, he contended that the act was consensual.

The testimony regarding oral sex prompted the trial judge to instruct the jury on rape by deviate activity,[1] as well as rape by sexual intercourse, despite the fact that the charging document upon which the State proceeded to trial charged Cokeley only with rape by sexual intercourse. The trial judge specifically instructed the jury to return a guilty verdict if it found that the State established that Cokeley had forced the victim to engage either in sexual intercourse or deviate sexual activity. In returning a general verdict of guilty, the jury did not specify which of the two means of commission of rape it found Cokeley had committed. In accordance with the guilty verdict, the trial court sentenced Cokeley to a forty-year prison term.

On direct appeal to the Arkansas Supreme Court, Cokeley contended that the trial judge should not have instructed the jury on rape by deviate activity because the State had charged him only with rape by sexual intercourse. Thus, according to Cokeley, the subsequent general verdict constituted a conviction for a crime for which he was not charged.

The Arkansas Supreme Court rejected Cokeley's contentions on appeal and upheld the conviction. *State v. Cokeley*, 288 Ark. 349, 705 S.W.2d 425, *cert. denied*, 479 U.S. 856, 107 S.Ct. 195, 93 L.Ed.2d 127 (1986). The court specifically held that the Arkansas rape statute constituted a *single criminal offense with two means of commission* and concluded that the instructions to the

---

**1.** Under the relevant statute,

"Deviate sexual activity" means any act of sexual gratification involving:

(A) The penetration, however slight, of the ... mouth of one person by the penis of another....

Ark.Code Ann. § 5–14–101(1)(A) (1987).

jury comported with the language of the statute and thus were proper. In reaching its holding, however, the court expressly overruled its previous interpretation of the Arkansas rape statute in *Clayborn v. State*, 278 Ark. 533, 647 S.W.2d 433 (1983), where it held that the statute created two distinct criminal offenses, each of which must be charged separately.

The Arkansas Supreme Court later denied Cokeley's petition for rehearing. Cokeley subsequently filed a petition for post-conviction relief which the state court rejected, thus exhausting Cokeley's available state remedies. Cokeley then filed the present petition seeking habeas relief, pursuant to 28 U.S.C. § 2254, in the District Court for the Eastern District of Arkansas. Cokeley principally reasserted the arguments regarding conviction on an uncharged offense which the Arkansas Supreme Court had rejected on direct appeal. The district court, stating that it was bound by the state court's interpretation of the rape statute as a single criminal offense with two possible means of commission, denied Cokeley's petition. This appeal followed.

## II. DISCUSSION

The only issue which concerns us on appeal is Cokeley's claim that his fourteenth amendment due process and sixth amendment rights were violated because he was convicted of a crime for which he was not charged.[2] "It is axiomatic that a conviction upon a charge not made ... constitutes a denial of due process." *Jackson v. Virginia*, 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979) (citing *Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948); *Presnell v. Georgia*, 439 U.S. 14, 99 S.Ct. 235, 58 L.Ed.2d 207 (1978)); *see also Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940). "Th[is] standard[ ] no more than reflect[s] a broader premise that has never been doubted in our constitutional system: that a person cannot incur the loss of liberty for an offense without notice and a

meaningful opportunity to defend." *Id.* (citing *e.g., Hovey v. Elliott*, 167 U.S. 409, 416–20, 17 S.Ct. 841, 844–45, 42 L.Ed. 215 (1897)); *see also In re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948); *Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948).

■ This fundamental component of due process, guaranteed under the sixth amendment, is incorporated in the fourteenth amendment and cannot be abridged by the states. *Hulstine v. Morris*, 819 F.2d 861 (8th Cir.1987), *cert. denied*, 484 U.S. 1068, 108 S.Ct. 1034, 98 L.Ed.2d 998 (1988); *Goodloe v. Parratt*, 605 F.2d 1041, 1045 (8th Cir.1979); *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); *In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *De Jonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937). The state of Arkansas similarly accords criminal defendants such a guarantee under its own constitution, expressly providing criminal defendants the fundamental right to be "informed of the nature and cause of the accusation" against them. Ark. Const. art. 2, § 10.

The notice requirement "is implemented primarily by charging papers which contain the elements of the offense so as to fairly inform a defendant of the charge against which he must defend." *Goodloe*, 605 F.2d at 1045 (citations omitted). The Due Process Clause does not require states in drafting charging papers to observe the stricter requirements of the Fifth Amendment Indictment Clause which apply in federal cases. Indeed, we have stated that the sufficiency of a charging document is "primarily a question of state law." *Id.* at 1045 n. 12 (citations omitted); *Wilkerson v. Wyrick*, 806 F.2d 161, 164 (8th Cir.1986), *cert. denied*, 481 U.S. 1071, 107 S.Ct. 2466, 95 L.Ed.2d 875 (1987). However, the notice provided by a state must comport with the due process guarantee of a fair trial to state prisoners. *Id.* (citing *Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221,

---

2. Cokeley also has appealed the district court's holding that he procedurally defaulted various other challenges to his conviction. Cokeley has

failed to provide any basis for reversing the district court's determinations on these issues. Thus, we reject these claims.

1226, 31 L.Ed.2d 536 (1972)). Thus, violations of a right to a fair trial arising from lack of fair and reasonable notice are cognizable in habeas corpus proceedings. *Id.* (citing *Ridgeway v. Hutto*, 474 F.2d 22 (8th Cir.1973); *Blake v. Morford*, 563 F.2d 248 (6th Cir.1977), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978)).

█ Cokeley asserts that the trial judge instructed the jury, and the jury returned a guilty verdict, on a charge not included in the information under which he was prosecuted. The information filed by the State charged Cokeley solely with having "wilfully, unlawfully and feloniously engage[d] in sexual intercourse ... by forcible compulsion." The trial court, on the other hand, instructed the jury to return a verdict of guilty if it found that Cokeley "engaged in sexual intercourse *or* deviate sexual activity ... by forcible compulsion." (emphasis added).

Cokeley, on appeal, again contends that rape by sexual intercourse and rape by deviate sexual activity are two distinct and separate crimes which must be charged individually and with particularity. The State, on the other hand, contends that the rape statute creates a single criminal offense with two possible means of commission. The determination of which of these two interpretations of the Arkansas rape statute properly applies to Cokeley's case is critical to the validity of Cokeley's claim. Thus, a more detailed discussion of Arkansas case law construing the rape statute is necessary to our decision.

In *Cokeley v. State*, the Arkansas Supreme Court, in rejecting the two-crime interpretation of the rape statute and adopting instead the State's proffered construction of the statute, stated that the Arkansas rape statute "provides for just one offense of rape with two different [means] of commission." 705 S.W.2d at 426. According to the court, the elements of the crime of rape under the statute are "the sexual act and forcible compulsion." *Id.* Thus, the statute's disjunctive form in delineating the means of commission ("sexual intercourse or deviate sexual activity")

is not to be accorded any substantive significance.

The *Cokeley* court's holding, on its face, would appear to resolve the issue on appeal in the State's favor because federal courts considering habeas matters must apply the state court's interpretation of state law. *E.g.*, *Wainwright v. Goode*, 464 U.S. 78, 84, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983) (per curiam). Although the interpretive gloss on the statute may bind this court as a matter of statutory construction, federal courts are not similarly bound as to the constitutional effect of that construction. *E.g.*, *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). The constitutional ramifications of the *Cokeley* court's interpretation of the Arkansas rape statute arise because this interpretation directly conflicts with and, indeed, expressly overrules the Arkansas Supreme Court's interpretation of the rape statute in *Clayborn v. State*, 278 Ark. 533, 647 S.W.2d 433 (1983).

In *Clayborn*, the defendant was charged by information specifically with rape by deviate sexual activity, with no mention made of rape by sexual intercourse. The evidence at trial was inadequate to prove rape by deviate sexual activity, but amply supported a finding of guilt for rape by sexual intercourse. In light of the evidence presented, the trial judge, as in the present case, instructed the jury on rape by both means of commission over the defendant's objections. On direct appeal, the Arkansas Supreme Court overturned the resulting verdict on the ground that the defendant had been convicted of a crime, rape by sexual intercourse, for which he had not been charged. In so doing, the court expressly held that the rape statute stated two distinct and separate offenses, involving differing elements of proof.

Just three years later, the *Cokeley* court, acknowledging that it faced "almost the same question [it] had in *Clayborn*," 705 S.W.2d at 427, concluded that its interpretation of the rape statute in *Clayborn* was "wrong." *Id.* 705 S.W.2d at 426. We need take no position regarding the proper interpretation of the Arkansas rape statute. In-

deed, resolution of that matter lies distinctly within the province of the state court and we accept the decision of the state court. For our purposes, the only significant issue arising from the conflicting interpretations is that the two-offense interpretation set out in *Clayborn* was controlling precedent at the time Cokeley committed the crime and throughout the period he was charged, tried and convicted. In other words, under prevailing Arkansas case law during the time of the events and proceedings in question, rape by sexual intercourse and rape by deviate sexual activity were two distinct and separate crimes; the charging of one being insufficient to support conviction for the other. Thus, under the law as it then existed, Cokeley was convicted of a distinct and separate crime for which he was not charged, a patent denial of Cokeley's due process rights. *Jackson v. Virginia*, 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979); *Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948); *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).

The State directs us to language in *Cokeley* which might indicate that the court had rejected the *Clayborn* two-crime interpretation prior to its holding in *Cokeley*. Indeed, the *Cokeley* court stated "[i]n our most recent decision [regarding] this statute, we clearly rejected the rationale in *Clayborn*." *Id.* 705 S.W.2d at 426. However, the case to which the court referred, *Wood v. State*, 287 Ark. 203, 697 S.W.2d 884 (1985), was not decided until nearly three months *after* Cokeley's conviction, and thus for our purposes has no bearing on the issue now before us.[3]

The State also contends that even if the information was deficient in some respect, Cokeley had sufficient notice of the full scope and nature of the charges upon which the State intended to proceed. It is true that in the context of state proceedings, "[d]ue process requirements may be satisfied if a defendant receives *actual notice* of the charges against him, even if the indictment or information is deficient." *Hulstine v. Morris*, 819 F.2d at 864 (citing *Franklin v. White*, 803 F.2d 416, 417 (8th Cir.1986) (per curiam)); *see also Goodloe v. Parratt*, 605 F.2d at 1045 & n. 12 (notice to state criminal defendants need not meet stricter Fifth Amendment Indictment Clause requirements to comport with due process). Here, the State asserts that Cokeley's knowledge that the victim would testify to the occurrence of both sexual intercourse and oral sex provided sufficient notice that the State would proceed on a theory of both sexual intercourse and deviate sexual activity. We disagree.

It is not uncommon that a prosecuting authority chooses to file charges and proceed on only a subset of all of the possible claims of which it possesses evidence. To accept the position that a criminal defendant has received reasonable notice that the state will proceed against him on an uncharged crime, merely by the fact that he has knowledge that the state is in possession of and intends to present evidence of such other criminal acts, would severely undermine the integrity of the fair notice requirements which are one of the "most basic ingredients of due process." *Goodloe*, 605 F.2d at 1045.[4] In the present case, Cokeley formulated his defense in response to the State's formally filed charge of rape by sexual intercourse, responding with a complete denial of the charge. He did not deny that he and the victim engaged in oral sex, a matter not formally at issue, although he did testify that this activity was

---

3. The court in *Wood* held that where the state, on the basis of the defendant's confession, charges him with rape by sexual intercourse, but the defendant later testifies at trial that he committed rape only by deviate sexual activity, the state may amend the information to include rape by deviate sexual activity. Such an amendment was proper, according to the court, because it does not change the nature or degree of the crime. 697 S.W.2d at 886.

4. The evidence of oral sex would be relevant in relating the sequence of events leading to the commission of the crime charged, and also would be admissible as evidence of other acts or wrongs to prove motive, intent, absence of mistake, identity, etc. Ark.R.Evid. 404(b). The admissibility of such evidence ordinarily does not constitute notice to the defendant that he is being prosecuted for these other acts in addition to those charged.

consensual. Prior notice that he might be subject to conviction for rape by deviate sexual activity would have afforded Cokeley the option of entering a complete denial, declining to testify and putting the State to its proof on all matters regarding the oral sex acts, as was his right. *See, e.g., In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (proof beyond a reasonable doubt of every fact necessary to constitute crime charged is a basic principle of due process).

Because the judgment against Cokeley is based on jury instructions permitting a conviction for a crime not charged according to the law existing at the time of his trial, Cokeley has been denied his fundamental right of due process. The trial court instructed the jury that it could reach a guilty verdict for either rape by sexual intercourse or rape by deviate sexual activity. Because the jury returned a general verdict which did not specify which of the two possible crimes of rape it found Cokeley had committed, it cannot be determined on the basis of the record whether Cokeley's conviction rested on the contested evidence regarding the charged crime of rape by sexual intercourse, or on a finding that the victim did not consent to oral sex in regard to the uncharged crime of rape by deviate sexual activity. A conviction based on the latter constitutes a violation of Cokeley's right of due process. "[A] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient...." *Zant v. Stephens,* 462 U.S. 862, 881, 103 S.Ct. 2733, 2745, 77 L.Ed.2d 235 (1983); *Stromberg v. California,* 283 U.S. 359, 367–68, 51 S.Ct. 532, 535, 75 L.Ed. 1117 (1931); *United States v. Sales,* 725 F.2d 458, 459 (8th Cir.1984). Thus, under the present circumstances, we have no choice but to set aside the conviction as constitutionally invalid and grant habeas relief.

## III. CONCLUSION

For the reasons stated above, we grant the petitioner's request for writ of habeas corpus pursuant to 28 U.S.C. § 2254 subject to the State's right to retry the petitioner within a reasonable time.

BOWMAN, Circuit Judge, dissenting.

Arkansas Stat.Ann. § 41–1803(1)(a) (Supp.1985) establishes a single offense, rape, which is committed when by forcible compulsion a person engages in either sexual intercourse or deviate sexual activity with another person. There is only one statutory offense, with two ways of committing it. This is both the plain meaning of the statute and the meaning accorded to it by the Supreme Court of Arkansas. *See Cokeley v. State,* 288 Ark. 349, 705 S.W.2d 425, *cert. denied,* 479 U.S. 856, 107 S.Ct. 195, 93 L.Ed.2d 127 (1986).

Although Cokeley was charged with committing rape in only one way—by engaging in sexual intercourse by forcible compulsion—the state's evidence showed that he committed rape in both of the ways contemplated by the statute. The victim testified that after spending time driving around with a friend, the two went to a residence where they met Cokeley. He offered to give her a ride home, but drove instead to a secluded location, where he beat her, pulled a knife, and threatened to kill her if she did not remove her clothing; he then forced her to perform oral sex and to have intercourse. She testified that Cokeley ejaculated during the oral sex, but she did not know if he ejaculated while having intercourse. The victim leaped from the car and was able to stop passing motorists, one of whom testified the victim was nude and hysterical. They provided her with clothing and took her to the police station, where she fainted.

The victim was examined at a local hospital. Medical evidence indicated that when she arrived she was distraught, crying, and very embarrassed. She had bruises on her face and upper back. A vaginal examination revealed no semen. An examination for traces of semen in her mouth was not done. Tests to determine whether a pubic hair recovered from her vaginal area was Cokeley's were inconclusive.

Cokeley's defense was that he made no threats and applied no force, that he did

not have sexual intercourse with the victim, and that she voluntarily committed oral sex on him. Clearly there was no element of surprise or lack of notice to Cokeley in the victim's testimony that Cokeley not only raped her by forcing sexual intercourse upon her but also by forcing her to perform oral sex.

The medical evidence noted above was consistent with the victim's testimony that she was beaten, but otherwise was inconclusive. Thus the state's case rested almost entirely on the victim's testimony; the jury could not find Cokeley guilty of rape unless it believed the victim. As the jury found him so guilty, we can only conclude that it did believe the victim, and there is absolutely no reason to think it did not believe all of the victim's story, *i.e.,* that Cokeley had raped her in both of the ways in which the statute defines the crime of rape. As the Supreme Court of Arkansas found in Cokeley's direct appeal,

> The trial court simply instructed the jury according to the statute that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion and defined the two acts. The evidence supports a finding of guilt of rape by either or both means. The issue in this case is not the manner of the rape, but whether rape by forcible compulsion indeed occurred. There is no argument that there is not substantial evidence to support a finding that Cokeley raped the victim either way. Cokeley was convicted of the crime with which he was charged—rape.

*Cokeley,* 705 S.W.2d at 427.

These findings of the Supreme Court of Arkansas are entitled to the presumption of correctness afforded to state court findings by 28 U.S.C. § 2254(d) (1988). Considering these findings, it becomes clear that Cokeley was properly convicted and that the variance between the charge on which he went to trial and the trial court's instruction to the jury did not affect the fundamental fairness of the trial. Given the state of the evidence, a rational jury hardly could have credited the victim's tes-

timony that Cokeley forced her to perform oral sex yet have discredited her equally plausible testimony that he also forced her, as charged, to submit to sexual intercourse. As I cannot agree that Cokeley was denied due process of law, I respectfully dissent, and would affirm the District Court's dismissal of Cokeley's habeas petition.