F I L E D
United States Court of Appeals
Tenth Circuit

MAR 23 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DOUGLAS LANE PARKS,

     Petitioner-Appellant,

v.

STEVE HARGETT, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

     Respondents-Appellees.

No. 98-7068
(D.C. No. 97-CV-235-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO, ANDERSON** and **BALDOCK**, Circuit Judges.

Petitioner-Appellant filed a petition for rehearing seeking reconsideration

of the order and judgment filed on February 19, 1999. By separate order, the

_____

[*]    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition for rehearing was granted and Judge Henry recused himself from this matter. Judge Anderson is hereby appointed to this panel.

After rehearing, the original order and judgment is reinstated without amendment, as set forth below. *See* Fed. R. App. P. 40(a)(4)(A) ("If a petition for panel rehearing is granted, the court may . . . make a final disposition of the case without reargument.").

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Douglas Lane Parks, a state inmate appearing pro se, seeks a certificate of appealability as required by 28 U.S.C. § 2253(c)(2) in order to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We grant Parks a certificate of appealability, exercise jurisdiction, and affirm the judgment of the district court.

In 1991, Parks was convicted in state court of three counts of "lewd molestation" of a six-year old girl and was sentenced to seven years' imprisonment on each count, to run consecutively. Parks filed a direct appeal,

raising, *inter alia*, the three issues raised herein.[1]  The Oklahoma Court of Criminal Appeals affirmed his conviction by summary opinion entered August 1, 1994.  Parks did not file a state petition for post-conviction relief.

Parks filed this petition for habeas relief with the United States District Court on April 18, 1997.  Parks challenges his state court convictions, setting forth three grounds for relief:  (1) the information charging him was so vague and indefinite he was unable to adequately prepare a defense; (2) the state court improperly denied his request for a clinical examination of the alleged victim by a qualified medical expert; and (3) improper hearsay evidence admitted against him included facts of other crimes.

The district court referred this matter to a magistrate judge, who issued a cursory report and recommended the action be dismissed.  *See* R. Doc. 8.  The district court adopted the findings and recommendations of the magistrate judge in a summary order.  *See* R. Doc. 10.  Parks appeals this decision, reasserting the same contentions set forth in his petition to the district court and, additionally, complaining of the summary handling and "misapprehension" of his § 2254 petition before the district court.

---

[1]     In its response to the habeas petition in the district court, the State of Oklahoma conceded that Parks had exhausted his state remedies.  (Doc. 6 at 2, ¶ 6.)

We grant Parks a certificate of appealability as to the issue of the sufficiency of the charging information because we conclude that issue deserves further proceedings. *See United States v. Sistrunk*, 111 F.3d 91, 91 (10th Cir. 1997) (holding that a petitioner is entitled to the grant of a certificate of appealability if he raises issues "that are debatable among jurists, or that a court could resolve . . . differently, or that the questions deserve further proceedings"). We review this matter *de novo*, as the district court made no factual determinations, only legal conclusions. *See United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996). Parks is proceeding pro se and consequently is entitled to the benefit of having his pleadings liberally read. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## I. Sufficiency of the Information

The charging information in this case set forth four identically worded counts, each stating that:

> [O]n or between July 1988 and November, 1989 . . . defendant did unlawfully . . . look upon, touch and feel of the body and private parts of a six year old female child, in a lewd and lascivious manner . . . in Bryan County, Oklahoma.

Tr. Transcripts, Vol. I at 179-181.[2]

---

[2]     The state dismissed one of the counts at trial because the victim only testified as to three incidents of molestation.

Parks asserts the information "fails to allege the name of the purported victim or in any way distinguish the facts alleged in any single count from the alleged facts of any other count." Appellant's Br. at 29. He notes that from this description of the information, it is impossible to tell whether he was charged with molesting the same female child or different female children. He further asserts the information failed to state with particularity the specific location of each offense. Finally, he contends the charge, covering a seventeen-month period, is so general as to the time of the alleged molestations that he was deprived of any ability to establish an alibi defense. Parks raised these arguments in pretrial motions before the trial court, seeking to dismiss the indictment, which were denied. Parks reasserted these arguments on direct appeal, but the Oklahoma Court of Criminal Appeals summarily affirmed his conviction without discussing Parks' claims of error.

In denying Parks' habeas petition, the district court cited Oklahoma law relating to the sufficiency of the charging information without addressing whether the charging information in Parks' case satisfied either Oklahoma state law or federal constitutional standards. Parks appeals this decision, asserting the sufficiency of the charging information is not merely a question of state law, but also a question of whether it complies with minimal constitutional standards. We agree.

It is true that "[t]he 'sufficiency of an indictment or information is primarily a question of state law.'" *Tapia v. Tansy*, 926 F.2d 1554, 1560 (10th Cir. 1991) (quoting *Franklin v. White*, 803 F.2d 416, 418 (8th Cir. 1986). "On federal habeas review, we are not empowered to correct all errors of state law." *Johnson v. Gibson*, No. 96-6336, 1998 WL 898300, *11 (10th Cir. Dec. 28, 1998); *see also Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994) (federal habeas corpus relief does not lie unless there is a showing that "a conviction violated the Constitution, laws, or treaties of the United States"). However, the notice provided by a state in a charging instrument must comport with the due process guarantee of a fair trial. *See Jackson v. Virginia*, 443 U.S. 307, 314 (1979) (it is "axiomatic" that "a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend"); *Wilkerson v. Wyrick*, 806 F.2d 161, 164 (8th Cir. 1986) (applying this principle to habeas review of charging instrument). A defendant is entitled to fair notice of the criminal charges against him under the Sixth Amendment's right to a fair trial and the Fourteenth Amendment's guarantee of due process, and claims that a charging instrument violated due process by not providing such fair notice are cognizable in habeas corpus actions. *See Johnson*, 1998 WL 898300 at *11; *Hunter v. New Mexico*, 916 F.2d 595, 598 (10th Cir. 1990); *Wilkerson*, 806 F.2d at 164.

The district court seems to have mistakenly assumed the sufficiency of the charging information was solely a matter of state law, because it never examined the information to determine its compliance with the United States Constitution and its attendant requirements. Because we review this matter *de novo*, we may affirm on any legal ground supported by the record. *See Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1524 (10th Cir. 1997). Accordingly, we turn to the constitutional sufficiency of the information and Parks' claims of error.

"An indictment [or charging information] need only meet minimal constitutional standards, and we determine the sufficiency of an [information] by practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). A charging instrument is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense. *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *Dashney*, 117 F.3d at 1205.

The term "lewd molestation" in the information, together with the charge Parks "looked upon, touched and felt the body and private parts" of a six-year-old female, accurately reflect the statute on which he was convicted and appears sufficiently definite in legal meaning to give him notice of the general nature of

the charge against him.[3]  *See Hamling*, 418 U.S. at 118.  The critical question is whether the information does so with the requisite specificity.

"Where the statutory definition of an offense employs generic terms, it is not sufficient to charge the offense in the same terms employed by the statute; the indictment must 'descend to particulars.'" *United States v. Sullivan*, 919 F.2d 1403, 1411 (10th Cir. 1990) (quoting *Russell v. United States*, 369 U.S. 749, 765 (1962)); *see also Hamling*, 418 U. S. at 117-118 ("[t]he language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.") (quotation omitted).  Parks asserts that here, as in *Russell*, the information did not identify the essential facts, namely the identity of the six-year old victim, the location of the alleged molestation, or the dates on which the incidents of molestation were alleged to have occurred.

We need not decide whether the charging information in this case was sufficiently specific because it is clear that Parks received actual notice of the specific charges against him.  "[D]ue process requirements may be satisfied if a

---

[3]     The statute under which Parks received his conviction states, in part, that any person who knowingly and intentionally look[s] upon, touch[es], maul[s] or feel[s] the body or private parts of any child under sixteen years of age in any lewd or lascivious manner," shall, upon conviction, be guilty of a felony and punished by imprisonment.  *See* Okla. Stat. Ann. tit. 21, § 1123 (1985 Supp.).

defendant receives actual notice of the charges against him, even if the indictment or information is deficient." *Hulstine v. Morris*, 819 F.2d 861, 864 (8th Cir. 1987)(citing *Franklin v. White*, 803 F.2d at 417. At his preliminary hearing, Parks received actual notice of the name and identity of the six-year old child and the fact that he was charged with three separate incidents of molestation, one alleged to have occurred in his bedroom, another in his hot tub, and a third in the bathroom of his home. Thus, prior to trial, Parks had actual notice of sufficiently specific facts to respond to the charges and prepare an adequate defense.

With respect to Parks' claim that the charging information was fatally defective because it failed to allege any reasonable ascertainable time period within with the alleged molestations occurred, neither the evidence provided at the preliminary hearing nor at trial narrowed the time frame to less than the seventeen-month period alleged in the information. The victim, a six-year old child, was unable to delineate any specific dates or months when the molestations occurred. We have held that a charging information is sufficiently precise as to the time frame if the operative or approximate period of the crime is set out. *See United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir. 1992) (indictment stating three-month time frame for conspiracy deemed not prejudicial).

Here, the information provided at the preliminary hearing did provide Parks with information about the specific factual circumstances surrounding each of the

alleged incidents of molestation. We are satisfied from our review of the record that, from this information, Parks was able to present a defense with respect to each of the alleged incidents. For example, notwithstanding the lack of specific dates, Parks was able to present some alibi defense by presenting evidence that the hot tub in which one of the incidents of molestation allegedly occurred was inoperative during the entire seventeen-month period. Thus, we conclude that Parks was able to mount an adequate defense and has not demonstrated any prejudice resulting from the lack of any specific dates in the charging information. *See Hunter*, 916 F.2d at 600 (summarily rejecting argument that information charging criminal sexual penetration of a child during three-year period was deficient because it failed to identify specific dates for the crimes); *Fawcett v. Bablitch*, 962 F.2d 617, 619 (7th Cir. 1992) (charge of sexual molestation of a child sometime during a six-month period held sufficient to permit defendant to defend against the charge; *United States v. Nunez*, 668 F.2d 10, 12 (1st Cir. 1981) (holding that generality in allegation of date is allowed where exact time of crime's commission is not essential under criminal statute and no prejudice is shown).

Thus, in light of the fact that Parks was able to discover at the preliminary hearing all of the facts that the State would attempt to prove at trial, we conclude that Parks has failed to establish that the lack of specificity alleged in the

charging information prejudiced his substantial rights in any way. *See Hulstine*, 819 F.2d at 864. Parks does not claim that he was unfairly surprised by any evidence at trial as a result of the general indictment. *Cf. United States v. Stoner*, 98 F.3d 527, 537 (10th Cir. 1996) (affirming conviction despite variance between allegations of indictment and proof at trial because no showing of prejudice). Nor does Parks claim in his habeas petition that the charging information put him in danger of double jeopardy. *See id.* at 536; *see also United States v. Apodaca*, 843 F.2d 421, 430 n.3 (10th Cir. 1988) (defendant is adequately protected from double jeopardy because he could plead the entire record as a bar to subsequent prosecution). For these reasons, we are satisfied that any deficiencies in the information did not deprive Parks of a fair trial or due process.

## II. Denial of Expert Examination

Parks contends that his constitutional rights to compulsory process and due process were violated because the State trial court improperly denied his request for a clinical examination of the child victim by a qualified medical expert. Parks requested a clinical examination by an expert to determine whether or not the child's hymen was broken.

"[T]o establish a violation of the right to compulsory process, a fair trial or due process, a defendant must show a denial of fundamental fairness." *Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1065

-11-

(1998). "It is the materiality of the excluded evidence to the presentation of the defense that determines whether a petitioner has been deprived of a fundamentally fair trial." *Id.* (quotation omitted). Parks must make some showing that the witness's testimony would have been both favorable and material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 872 (1982).

Parks has not shown that the excluded evidence would have been of such an exculpatory nature that its exclusion affected the trial's outcome. *See Richmond*, 122 F.3d at 872. As the district court noted, Parks was not charged with a crime requiring penetration. Merely showing he was deprived of the testimony of a medical witness is insufficient to establish a constitutional violation. *See Valenzuela-Bernal*, 458 U.S. at 867. Moreover, his attorney conducted cross-examination of the State's medical expert. Thus, we find the denial of an expert examination of the victim to challenge the State's testimony that her hymen was broken did not render the trial fundamental unfair.

### III. Testimony of Prior Crimes

Finally, Parks complains the state court admitted improper hearsay evidence on other crimes he committed. However, it is clear from the record that trial counsel's objection to this testimony was sustained, and the jury was immediately admonished to disregard the witness's remark. We are satisfied from our review of the record that the remark did not prejudice Parks. *See Duvall v. Reynolds*, 139

F.3d 768, 788 (10th Cir.), *cert. denied*, 119 S. Ct. 345 (1998) ("The improper admission of evidence of prior acts does not rise to the level of constitutional error if the trial judge later instructs the jury to disregard the evidence.").

The judgment of the district court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge