———————

No. 95-2534

———————

David Stephens,                          *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
       v.                                *   District Court for the Eastern
                                         *   District of Arkansas.
Larry Norris, Director,                  *
Arkansas Department of                   *
Correction,                              *   [PUBLISH]
                                         *
            Appellee.                    *

———————

           Submitted: February 14, 1996

               Filed: May 6, 1996
———————

Before WOLLMAN, HEANEY and BRIGHT, Circuit Judges.
———————

PER CURIAM.


       David Stephens, an Arkansas inmate, appeals the district court's[1]
denial of his second 28 U.S.C. § 2254 petition for habeas corpus relief.
We affirm.


       In August 1985, Stephens robbed an EZ Mart store, kidnapped a female
employee at gunpoint, and raped her.  In an information, the state charged
Stephens with rape by purposefully engaging in sexual intercourse with
another person by forcible compulsion, in violation of Ark. Stat. Ann. §
41-1803 (Supp. 1985).[2]

_____

       [1]The Honorable Elsijane T. Roy, Senior United States
District Judge for the Eastern District of Arkansas.

       [2]Section 41-1803 (since codified at Ark. Code Ann. § 5-14-
103) provides that "[a] person commits rape if he engages in
sexual intercourse or deviate sexual activity with another person
. . . by forcible compulsion."

At the time the state charged Stephens, Arkansas case law defined rape by sexual intercourse as a separate and distinct crime from rape by deviate sexual activity. Accordingly, unless the information charged both crimes, the court could only give the jury an instruction allowing them to find the defendant guilty of the specific type of rape charged. See Clayborn v. State, 647 S.W.2d 433 (Ark. 1983). Three days before Stephens' trial, the Arkansas Supreme Court overruled Clayborn, holding that rape is one offense which can be committed either by sexual intercourse or by deviate sexual activity, and that a jury may find a defendant guilty of rape by either means, whether or not the information so accused the defendant. See Cokeley v. State, 705 S.W.2d 425 (Ark.), cert. denied, 479 U.S. 856 (1986).

At trial, the victim testified to both sexual intercourse and deviate sexual activity. Stephens testified that he is impotent and claimed there was no sexual contact whatsoever.[3] The court instructed the jury that it should find Stephens guilty if the state had proved Stephens had engaged in either sexual intercourse or deviate sexual activity with the victim by forcible compulsion. The jury found Stephens guilty and sentenced him to life imprisonment. He appealed, and the Arkansas Supreme Court affirmed his conviction. Stephens v. State, 738 S.W.2d 91 (Ark. 1987). He also filed an unsuccessful state post-conviction motion. Stephens v. State, No. CR-87-55, 1988 WL 105994 (Ark. Oct. 10, 1988). In 1990, Stephens filed his first federal habeas petition which the district court denied and Stephens did not appeal.

In December 1991, this court decided Cokeley v. Lockhart, 951 F.2d 916, 919 (8th Cir. 1991), cert. denied, 506 U.S. 904 (1992), which held that violations of the right to a fair trial arising from lack of fair and reasonable notice are cognizable in habeas

---

[3]We grant Stephens' motion to supplement the record with this testimony.

corpus proceedings. The court observed that under Arkansas state law at the time of Cokeley's conviction, rape by sexual intercourse and rape by deviate sexual activity were separate crimes, and that Cokeley was charged only with rape by sexual intercourse. Despite this established case law, the jury instructions allowed a conviction for either type of rape. The jury instructions thus allowed Cokeley to be convicted of a crime for which he was not charged in violation of his due process rights. Id. at 920.

Based on the Cokeley decision, Stephens brought his second federal habeas corpus action. He alleged that his conviction and sentence for an uncharged crime violated his constitutional rights. The district court denied his claim on procedural default grounds.

On appeal, Stephens first argues his procedural default should be excused because his claim was so new or novel that he could not have raised it on his own without benefit of the Cokeley case, which was decided after his first habeas petition. See Wallace v. Lockhart, 12 F.3d 823, 826 (8th Cir. 1994). Although we question whether Stephens' claim was completely unavailable before Cokeley, we prefer to cut through the potential procedural-bar morass and address the much simpler issue of the merits of Stephens' claim. See Grubbs v. Delo, 948 F.2d 1459, 1463 n.3 (8th Cir. 1991), cert. denied, 506 U.S. 835 (1992); Long v. Iowa, 920 F.2d 4, 6 n.2 (8th Cir. 1990) (appellate court may bypass procedural bar and address simpler issue of merits when relief is denied).

On the merits, Stephens argues he was denied due process because he was charged with one crime--committing rape by sexual intercourse--and the court allowed the jury to find him guilty of rape either by sexual intercourse or by deviate sexual activity. As we said in Cokeley, interpretation of the substantive import of Arkansas' rape statute "lies distinctly within the province of the state court," and for our purposes, the only significant issue arising from the conflicting interpretations was "that the two-

-3-

offense interpretation set out in <u>Clayborn</u> was controlling precedent at the time Cokeley committed the crime and throughout the period he was charged, tried, and convicted. . . . nm Thus, under the law as it then existed, Cokeley was convicted of a distinct and separate crime for which he was not charged, a patent denial of Cokeley's due process rights." <u>Cokeley</u>, 951 F.2d at 920; <u>see also</u> <u>Martin v. Kassulke</u>, 970 F.2d 1539, 1542-45 (6th Cir. 1992). Here, by contrast, <u>Cokeley</u> was decided three days before Stephens' trial, and so the controlling law at the time of his trial provided that two "ways" to commit rape constituted variations of a single crime. We detect no due process violation.

Accordingly, we affirm the district court's judgment.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.