# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3729

_____

Ian Bittick,

        Appellant,

v.

Jeremiah (Jay) Nixon, Attorney
General of the State of Missouri;
Mike Kemna, Superintendent,

        Appellees.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*     [UNPUBLISHED]
\*
\*
\*
\*

_____

Submitted:  April 22, 1999

Filed:  August 24, 1999

_____

Before RICHARD S. ARNOLD and WOLLMAN,[1] Circuit Judges, and
WOLLE,[2] District Judge.

_____

[1]Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, sitting by designation.

PER CURIAM.

Ian Bittick appeals from the district court's[3] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

On January 15, 1993, a jury convicted Bittick on three counts of sodomy for his sexual abuse of two minor children. The state trial court sentenced Bittick to thirty-five years' imprisonment. The Missouri Court of Appeals affirmed his conviction on direct appeal and subsequently denied his motion for state post conviction relief. Bittick then filed this petition in the district court pursuant to 28 U.S.C. § 2254. The district court denied the petition, but issued a certificate of appealability on three issues.

In determining whether to grant habeas corpus relief, we review whether the state conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). State court findings of fact are generally presumed to be correct unless the petitioner rebuts the presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Knox v. Iowa, 131 F.3d 1278, 1281 (8th Cir. 1997).

During the trial, Bittick informed his attorney that members of the victims' family were seen speaking with members of the jury outside the courtroom. Bittick argues that he received ineffective assistance of counsel because his attorney failed to present this issue to the trial court.

---

[3]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

To prevail on a claim of ineffective assistance of counsel, Bittick must prove that counsel's performance was deficient and that he was prejudiced by that deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Sidebottom v. Delo, 46 F.3d 744, 752 (8th Cir. 1995). To show a deficiency, Bittick must overcome "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Deficient performance is prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

We agree with the district court that Bittick has failed to establish prejudice as a result of the alleged ineffectiveness. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) ("We need not reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness."). Bittick contends that any extrinsic contact with members of the jury creates a presumption of prejudice. To the contrary, prejudice will not be presumed "unless the extrinsic contact relates to 'factual evidence not developed at trial.'" United States v. Blumeyer, 62 F.3d 1013, 1016 (8th Cir. 1995) (quoting United States v. Cheyenne, 855 F.2d 566, 568 (8th Cir. 1988)). The Missouri Court of Appeals found that Bittick "presented no evidence at the evidentiary hearing as to the contents of the alleged conversation." State v. Bittick, No. 47587, slip op. at 5 (Mo. Ct. App. Nov. 28, 1995); Appellant's Appx. at 21. Accordingly, Bittick has failed to establish that he was prejudiced by counsel's failure to notify the trial court of the alleged misconduct.

Bittick next argues that the trial court erroneously admitted evidence of uncharged conduct. The state contends, and the district court concluded, that this issue is procedurally defaulted. In order to properly preserve an issue for federal review, a state prisoner must "'fairly present' not only the facts but also the substance of his federal habeas corpus claim" in the state courts. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982) (per

curiam)).  It is insufficient to present to the state court a claim that is merely similar to the federal habeas claim.  See id. at 412.  Bittick raised an evidentiary challenge to the admission of this evidence on direct appeal, but not a constitutional one.  In denying Bittick's petition for post conviction relief, the Missouri Court of Appeals rejected his hearsay challenge on state law grounds and refused to review the constitutional issues for plain error.  See Bittick, No. 47587, slip op. at 3-4; Appellant's Appx. at 19-20. Because the state court refused to review for plain error, we are procedurally barred from reviewing this claim.  See Hornbuckle v. Groose, 106 F.3d 253, 257 (8th Cir.), cert. denied, 118 S. Ct. 189 (1997).

Lastly, Bittick claims that the trial court's denial of his motion for severance of Count 2 from Counts 1 and 3 violated his rights under the Ex Post Facto Clause. Although it is not clear that this issue was timely raised, "we prefer to cut through the potential procedural-bar morass and address the much simpler issue of the merits."  See Stephens v. Norris, 83 F.3d 223, 224 (8th Cir. 1996) (per curiam) (citations omitted). Counts 1 and 3 related to conduct that occurred in 1989, the punishment for which ranged from five to fifteen years' imprisonment on each count.  Count 2 related to conduct that occurred in 1991 and, in light of a 1990 amendment to the relevant statute, carried a sentence of from five years to life imprisonment.  Notwithstanding that the jury was properly charged regarding the range of punishment on each count, Bittick contends that the inclusion of Count 2 in the trial caused the jury to attach consequences to the offenses charged in Counts 1 and 3 on the basis of the 1990 amendment.  We conclude that this claim is based upon nothing more than rank speculation and thus raises no issue of constitutional moment.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.