**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-7598**

─────────────

DONALD RAYMOND BARBE,

                Petitioner - Appellant,

        v.

THOMAS MCBRIDE,

                Respondent - Appellee.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, Chief District Judge.  (2:07-cv-00025-JPB-JES)

─────────────

Argued:  March 20, 2012          Decided:  April 12, 2012

─────────────

Before WILKINSON, KING, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:** Virginia Whitner Hoptman, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Vienna, Virginia, for Appellant.  Robert David Goldberg, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.  **ON BRIEF:** Lesley Whitcomb Fierst, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Vienna, Virginia, for Appellant.  Darrell V. McGraw, Jr., Attorney General, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his conviction on two counts of second degree sexual assault in state court, petitioner Donald Barbe filed a federal habeas petition challenging his conviction on due process grounds. The district court refused to grant relief on that basis. Petitioner now appeals, contending that the state court's decision to amend his indictment prior to trial to allege "sexual intrusion" instead of "sexual intercourse" deprived him of due process. Finding no constitutional violation, we affirm.

I.

On September 13, 1999, a West Virginia grand jury returned a 17-count indictment against Barbe consisting of multiple charges of sexual assault, sexual abuse, and incest involving three victims. For purposes of this appeal, only Counts 10 and 11 are relevant. Those two counts charged that Barbe had twice

> committed the offense of "Sexual Assault in the Second Degree" in that he unlawfully and feloniously engaged in sexual intercourse with B.H., a person known to the Grand Jury without that person's consent, and the lack of consent resulted from forcible compulsion, against the peace and dignity of the State and in violation of West Virginia Code §61-8B-4(a)(2).[*]

_____

[*] Because the indictment referred to "forcible compulsion," it should have listed the corresponding statutory provision as West Virginia Code § 61-8B-4(a)(1) instead of § 61-8B-4(a)(2). Barbe has not challenged this minor drafting error on appeal.

On October 15, the State moved to amend Counts 10 and 11 "to allege that the offense was committed by engaging in sexual intrusion with B.H.," rather than by engaging in "sexual intercourse." Under West Virginia law, "[s]exual intercourse" is defined as "any act between persons involving penetration, however slight, of the female sex organ by the male sex organ or involving contact between the sex organs of one person and the mouth or anus of another person." W. Va. Code § 61-8B-1(7). "Sexual intrusion," by contrast, "means any act between persons involving penetration, however slight, of the female sex organ or of the anus of any person by an object for the purpose of degrading or humiliating the person so penetrated or for gratifying the sexual desire of either party." Id. § 61-8B-1(8). Either act can constitute second degree sexual assault under West Virginia Code § 61-B-4(a), which provides that

A person is guilty of sexual assault in the second degree when:

(1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion; or

(2) Such person engages in sexual intercourse or sexual intrusion with another person who is physically helpless.

3

The state court held a hearing on the motion to amend on October 20. After concluding that "the amendment in this case is not substantial," it granted the motion from the bench.

The trial began on December 13, 1999. The State's case proceeded on the theory that Barbe had committed second degree sexual assault against B.H. by sexual intrusion. B.H. testified that Barbe, who was her counselor at a local 4-H club, would sometimes drive her home from 4-H events and that he molested her on two of these occasions. According to B.H., one time when she was sitting with Barbe in the front seat of his vehicle, he asked or told her to lie down. B.H. testified that after she placed her "head in his lap," Barbe "put his hand down the front of my pants and started massaging my vagina."

B.H. also stated that on a different occasion, Barbe placed her in that same position, but when she "tried to get back up . . . he just pushed me back down with his arm and kept my body laid down flat." According to B.H., he then "held my head down in his lap and put his hand down the front of my pants and massaged my vagina." She also confirmed that while Barbe "had his hands down [her] pants," there was "penetration to . . . the outside area of [her] vagina." According to her testimony, these events occurred when she was nine years old.

At the end of trial, the state court charged the jury. In keeping with the amended indictment, it instructed the jury that

4

the offense charged in Counts 10 and 11 "is sexual assault in the second degree" and that that offense "is committed when any person engages in sexual intrusion with another person without the consent of the other person and the lack of consent results from forcible compulsion." The jury convicted Barbe on eight counts, including Counts 10 and 11, and the state court sentenced him to no less than 80 years' imprisonment.

Following his conviction, Barbe sought both appellate and habeas relief in the state and federal courts. We have previously described much of this procedural history in detail, see Barbe v. McBride, 521 F.3d 443, 448-52 (4th Cir. 2008), and we see no reason to repeat those efforts here. For the purposes of this appeal, our review is limited to a single due process claim contained in Barbe's second federal habeas petition. In the district court below, petitioner sought relief under 28 U.S.C. § 2254 on the grounds that the state court violated his due process rights "by instructing the jury on 'sexual intrusion,' rather than 'sexual intercourse' as charged" in the original indictment. Barbe v. McBride, 740 F. Supp. 2d 759, 763 (N.D.W. Va. 2010). The court refused to grant relief on this basis. Id. at 772. Barbe appeals that ruling, and we review the denial of his § 2254 petition de novo. Longworth v. Ozmint, 377 F.3d 437, 443 (4th Cir. 2004).

5

II.

Rather than focus on the jury instructions on appeal, Barbe contends that the state trial court violated his right to due process by amending his indictment to allege "sexual intrusion" instead of "sexual intercourse." It is important to clarify the limited nature of this claim. Petitioner concedes that while the Fifth Amendment guarantees that an indictment's "charges may not be broadened through amendment except by the grand jury itself," Stirone v. United States, 361 U.S. 212, 215-16 (1960), this right "has yet to be incorporated against the states." Petitioner's Br. at 34 (citing Hurtado v. California, 110 U.S. 516, 534-35 (1884)). He therefore relies on the Fourteenth Amendment's Due Process Clause to challenge the amendment. Because the Due Process Clause guarantees Barbe the "right to reasonable notice of a charge against him, and an opportunity to be heard his defense," In re Oliver, 333 U.S. 257, 273 (1948), he contends that the amendment provided him with insufficient notice "to prepare an adequate defense." Petitioner's Br. at 36.

We are not persuaded. "Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d

6

405, 407 (4th Cir. 1985). Barbe cannot make this showing for a variety of reasons.

To begin with, the amendment to his indictment did not broaden the nature of the State's case. Petitioner's original indictment charged him with "committ[ing] the offense of 'Sexual Assault in the Second Degree,'" and this charge put him on notice that he could be convicted for having engaged in <u>either</u> sexual intercourse or sexual intrusion. This is because West Virginia law provides that a "person is guilty of sexual assault in the second degree" if he "engages in sexual intercourse <u>or</u> sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsion." W. Va. Code § 61-B-4(a)(1) (emphasis added). Written in the disjunctive, this statute indicates that "sexual intercourse" and "sexual intrusion" are not two separate offenses, but two alternative methods of proving the same offense of second degree sexual assault.

Thus, from the time of his original indictment, Barbe knew or should have known that he could be convicted for engaging in either form of sexual conduct. That was sufficient notice for constitutional purposes. The Due Process Clause "does not require the method by which the crime was committed to be alleged in the indictment," <u>Hartman v. Lee</u>, 283 F.3d 190, 194 n.3 (4th Cir. 2002), nor does it prevent a state court from

7

amending that portion of the indictment when necessary.  As the district court pointed out, petitioner "was on notice from the very beginning of the criminal proceedings against him that the State was attempting to prove that he had committed Second Degree Sexual Assault against B.H." and that it "could do so by either a showing of sexual intercourse or sexual intrusion." Barbe, 740 F. Supp. 2d at 772.  The fact that the latter method replaced the former in the terms of his indictment does not offend constitutional guarantees.

Moreover, Barbe's amended indictment matched up with the state court's jury charge.  This was not a case in which the trial court deprived a defendant of adequate notice by instructing the jury on a different offense from the one enumerated in the charging information.  See, e.g., Hunter v. New Mexico, 916 F.2d 595, 599 (10th Cir. 1990).  Instead, Barbe's indictment -- both before and after its amendment -- and the trial court's jury instructions concerned the same offense of second degree sexual assault.  And both the amended indictment and the jury instructions discussed the commission of that offense through the specific act of sexual intrusion. Thus, rather than exposing Barbe "to charges for which he had no notice and thus no opportunity to plan a defense," see Lucas v. O'Dea, 179 F.3d 412, 417 (6th Cir. 1999), the state court's jury instructions simply reiterated the same charges Barbe faced

8

before the trial began. There was no due process violation here.

What is more, the substitution of terms in the indictment did not actually prejudice petitioner. In order to succeed here, Barbe must show that the amendment prevented him from being able to construct an adequate defense. See Bae v. Peters, 950 F.2d 469, 478 (7th Cir. 1991) ("[A] last-minute change in the charge could prejudice a defendant's opportunity to defend himself; if that prejudice is severe enough, a due process violation could occur."). This he cannot do. There is ample evidence that petitioner had sufficient notice of the State's case against him to mount an adequate defense.

For one thing, Barbe's indictment was amended well in advance of trial. The state court granted the motion to amend on October 20, over seven weeks before his trial began. Petitioner attempts to downplay this fact by pointing out that his trial was originally scheduled for October 27 but was delayed due to his hospitalization following the hearing on the motion to amend. But those circumstances do not change the fact that he and his counsel had notice of the State's precise theory of the case nearly two months before the actual trial began. That is more than sufficient for purposes of the Due Process Clause. See Stephens v. Borg, 59 F.3d 932, 936 (9th Cir. 1995) (holding that a defendant's constitutional rights were not

9

violated because he "had five days of actual notice" before closing arguments "of the prosecution's intention to rely on a felony-murder theory" that was not enumerated in the original charging information).

And even before his indictment was amended, Barbe knew of the nature of B.H.'s testimony. As the State pointed out during the hearing on the motion to amend, it had provided a recording of B.H.'s statement to Barbe's counsel on September 29, over two weeks before it filed its motion to amend. In that recorded statement, B.H. set forth her account of the sexual assaults, and petitioner does not contend that she changed her story. As the state court observed, Barbe could not be "taken by surprise with the . . . revision because basically the information was available both before the amendment and after the amendment." In other words, the alteration to his indictment was one of form, not substance. The trial court simply amended the indictment in order to reflect the evidence the State intended all along to present at trial.

Like the district court, we also find it difficult "to conceive of how [Barbe's] defense to charges of Second Degree Sexual Assault by sexual intrusion would have been any different from his defense to charges of Second Degree Sexual Assault by sexual intercourse." Barbe, 740 F. Supp. 2d at 772. Whether they alleged intrusion or intercourse, Counts 10 and 11 involved

10

the same victim and the same two occasions.  Id.  Moreover, Barbe's defense at trial was that B.H. fabricated her allegations, and that strategy would apply equally to charges of intercourse or intrusion.  It is hard to believe that petitioner would have radically altered his defense had the original indictment charged him with sexual intrusion.

## III.

In sum, there is no question that the trial court provided Barbe with sufficient notice under the Due Process Clause.  For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED