*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0588**

Maurice Lovell Anderson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 17, 2017
Affirmed
Ross, Judge**

Ramsey County District Court
File No. 62-K8-06-002768

Zachary A. Longsdorf, Longsdorf Law Firm, PLC, Inver Grove Heights, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Muehlberg, Judge.*

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**ROSS**, Judge

Maurice Anderson killed a man by shooting him twice in a crowded bar in 2006. His shots also injured two bystanders. The state charged Anderson with one count of second-degree intentional murder and two counts of second-degree assault, but it amended the charges shortly before trial, and, at the close of evidence, it also successfully urged the district court to include instructions on lesser-included offenses. A jury found Anderson guilty of second-degree felony-murder, two counts of first-degree assault, and two counts of second-degree assault. It acquitted him of second-degree intentional murder, two counts of attempted murder, and one count of second-degree assault. We affirmed the convictions in 2009. Anderson petitioned for postconviction relief in 2015, and the district court denied the petition. We affirm that denial because Anderson's petition is untimely and does not meet any deadline exception.

**FACTS**

Maurice Anderson killed Julian Roland by shooting him twice after a dispute in a crowded St. Paul bar in July 2006. Anderson's two bullets passed through Roland and struck two bystanders. The state charged Anderson with second-degree intentional murder for killing Roland and two counts of second-degree assault for injuring the bystanders. Four days before trial, the state amended its criminal complaint by replacing the two assault charges with attempted second-degree intentional murder and by adding a charge of second-degree assault with a dangerous weapon (because Anderson allegedly also pointed his gun at the bartender).

Anderson testified that he shot Roland in self-defense and did not intend to kill him. At the close of evidence, Anderson directed his attorney not to ask the district court to include lesser-included offenses in its jury charge. The state did request them, and the district court added five counts as lesser-included offenses: one count of second-degree intentional felony murder based on the felony of second-degree assault (relating to Roland's death), two counts of first-degree assault, and two counts of second-degree assault (both relating to the bystanders' injuries). It also instructed on self-defense and transferred intent. The jury found Anderson guilty of all five lesser-included offenses and not guilty of the four charged counts. The district court issued three consecutive prison sentences of 150 months, 86 months, and 86 months for the felony murder and two first-degree assault convictions, respectively.

Anderson appealed. We recognized that the district court erred by adding the option of the "lesser-included" charges but affirmed the convictions, holding that Anderson failed to show that the error affected his substantial rights—specifically, his asserted right to present an adequate defense. *State v. Anderson*, No. A07-1934, 2009 WL 816974, at *4 (Minn. App. 2009), *review denied* (Minn. June 30, 2009). Three months later, Anderson wrote a letter to the district court that the district court construed as a postconviction petition, which it denied. Anderson appealed, but we rejected the appeal when he failed to file a brief. *Anderson v. State*, No. A09-2190 (Minn. App. Apr. 22, 2010) (order). Anderson later sought relief from his convictions in federal court, to no avail. *See Anderson v. King*, No. 11–948 RHK/JJK, 2011 WL 7293399 (D. Minn. 2011); *Anderson v. King*, 732 F.3d 854, 855 (8th Cir. 2013).

Anderson filed his current postconviction petition in September 2015, asserting three grounds for relief: (1) the erroneous so-called lesser-included offenses violated his Fifth and Sixth Amendment rights, (2) he received ineffective assistance of trial and appellate counsel, and (3) the interests of justice require granting him a new trial. He asked the district court to vacate his sentence or grant him a new trial. The district court denied his petition as untimely, as *Knaffla*-barred, or as previously addressed by other courts. It held also that Anderson failed to meet any exception to those procedural bars.

Anderson appeals.

## D E C I S I O N

Anderson maintains that the district court erred by summarily denying his postconviction petition. We review a district court's denial of a postconviction petition for an abuse of discretion. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015). We review legal issues de novo, but we review factual issues to determine whether sufficient evidence supports the district court's findings. *Id.*

The district court accurately held that most of Anderson's claims are untimely. The state had argued to the district court that all of the claims are untimely. Untimeliness is therefore a proper issue for our consideration. We may affirm the district court on any ground, even if it was not relied on by the district court. *State v. Fellegy*, 819 N.W.2d 700, 707 (Minn. App. 2012), *review denied* (Minn. Oct. 16, 2012). A defendant must file his petition for postconviction relief within two years after an appellate court's disposition of his direct appeal. Minn. Stat § 590.01, subd. 4(a)(2) (2014). We affirmed Anderson's

4

conviction on March 30, 2009, and the supreme court denied review of our decision on June 30, 2009. Anderson filed his current petition more than six years later.

Anderson identifies supposed exceptions to the two-year deadline. The district court may consider a petition filed after the two-year deadline if the petition satisfies one of five statutory exceptions. *Id.*, subd. 4(b)(1)–(5). But a petition invoking a statutory exception is subject to another timing provision, which requires that the petition be filed within two years of the date the underlying claim arises. *Id.*, subd. 4(c). A claim arises when the petitioner "knew or should have known" that it existed. *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). A postconviction petitioner is therefore not entitled to relief on an untimely petition unless he demonstrates that his effort to invoke a deadline exception is itself not time-barred. *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). This is an obstacle that Anderson cannot overcome.

Anderson asserts that his petition meets the interests-of-justice exception to the statutory time bar. An untimely postconviction petition may be considered if "the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). Anderson focuses on one instance as the basis for the interests-of-justice exception: that this court's opinion affirming his conviction on direct appeal improperly held that he did not sufficiently prove that the undisputedly erroneous, "lesser-included" offenses affected his substantial rights, particularly his right to present a full defense. Given this focus, Anderson either knew or should have known all the facts supporting his current interests-of-justice claim as soon as this court affirmed his conviction on March 31, 2009. He filed his current petition more than six years later. Because Anderson failed to timely assert an

5

interests-of-justice exception to the general two-year time limit, the district court did not abuse its discretion by rejecting it summarily.

We are not persuaded otherwise by Anderson's reliance on affidavits from eyewitnesses and his trial attorney, as well as the federal-court rulings, which he says together trigger the new-evidence exception to the two-year deadline. The newly-discovered-evidence exception requires, in part, that the alleged new evidence could not have been known by exercising due diligence within the two-year time period. Minn. Stat. § 590.01, subd. 4(b)(2). Anderson does not meet this requirement. He alleges that he obtained affidavits from two witnesses to the shooting and his trial counsel to show how adding the lesser-included offenses prejudiced him at trial. He fails to explain why this testimony could not have been obtained by due diligence within the two-year time period. He implies that he did not have any reason to know he needed to collect this testimony until his federal habeas petition failed. But it was his failed direct appeal, not his failed federal petition, that first demonstrated his need to show how adding the lesser-included offenses prejudiced his defense. He does not suggest that the witnesses or his trial counsel were unavailable when it became certain in 2009 (at the latest) that he needed to show that the trial court's ruling prejudiced him. Anderson did not seek the affidavits until 2014 and 2015. The district court did not abuse its discretion by refusing to apply the exception.

We are likewise unconvinced by Anderson's argument that his ineffective-assistance-of-counsel claims are timely. He argues that his ineffective-appellate-counsel claim did not ripen until the Eighth Circuit denied his federal appeal in November 2013. Until then, he asserts, "it was still possible for him to obtain relief in spite of the ineffective

6

assistance." But his ineffective-appellate-counsel claim rests entirely on the performance of his attorney on direct appeal in 2009. We will of course not save an untimely claim by tolling the two-year deadline until the federal court resolves an action that is irrelevant to the claim. His ineffective-trial-counsel claim similarly fails because the basis for that claim arose at his trial in 2007. The district court did not abuse its discretion by denying those claims as untimely.

Anderson seems to contend finally that we should employ supervisory power to grant him relief in the interests of justice. He makes a lengthy argument for why his claims have substantive merit and should be reviewed. His new explanation for how he may have been prejudiced by the trial court's error certainly appears more compelling than the explanation that he proffered in his direct appeal. But we are foreclosed from addressing its merits because we lack the supervisory power necessary to do so. The supreme court, not this court, holds the inherent supervisory authority to which he alludes. *See State v. Beecroft*, 813 N.W.2d 814, 846 (Minn. 2012); *State v. Ramey*, 721 N.W.2d 294, 302 n.6 (Minn. 2006). We can grant Anderson no relief.

**Affirmed.**